And at this time, we'll hear Brown v. Rawlings Financial. Thank you. Good morning. May it please the court, my name is Charles Creme. I'm here on behalf of the plaintiff appellant, Ms. Brown. Thank you very much for having us, your honor, your honors. This is a relatively esoteric matter, obviously pertaining to almost which statute of limitations that the district court could or should have picked, one being the most restrictive that in the civil law of Connecticut one could think of versus ones that are perhaps more appropriate that are less restrictive, those being that would follow the Connecticut Unfair Insurance Practices Act as well as the breach of contract standard, which is a six-year statute versus the three-year statute for CUTPA and CUIPA and the one year for the civil penalty statute. Ms. Brown did not have very long in our district court. Her case was dismissed, did not have an opportunity from what I understand to conduct any discovery, to develop any potential defenses that there may be, such as tolling the statute to the extent that this statute of limitations of the one year penalty versus any other one might apply. Your honors, that is effectively why we are here. We believe that the six year statute of limitations for breach of contract, because Ms. Brown obviously had a right, as being a member of a plan, to ask and receive what she needed to, to determine whether or not they had an invalid ERISA lien so she could settle her underlying personal injury matter. That is effectively the gist of this issue, which is many, many, many personal injury lawyers in the attempt to facilitate settlement of their cases when they are given an ERISA type lien, as they are trying to work their case out, was struck with. And unfortunately, in spite of asking many, many times, apparently three times, at least according to the complaint, and many other times verbally, was not given a copy of the plan until obviously significantly later. Unfortunately, this is a situation that prejudices not just- If this is a contract claim, what's the nature of your damages? Well, Your Honor, it would be, if there were a nature of the damages, would be the prejudice and the delay to settling her case. It may very well have been that she had to settle her case for less than she would have been able to settle it for otherwise. Don't go on. Is the theoretical measure of damages. How do you address the fact that this court has, in the McDonnell v. Pension Plan case, described ERISA 502c1 as authorizing the imposition of statutory penalties, and also the fact that the applicable regulations repeatedly describe the provision as a civil penalty? How do we clear that? Well, it does, Your Honor, and we're certainly mindful of that language. The way we reconcile these two things is we do have language in one section of ERISA that says a civil penalty. We have another one that doesn't. However, the overriding purpose of ERISA has always been to attempt to protect the individual plan holder. These provisions, these particular provisions, which are what you're invoking here, have been described as civil penalties. I mean, the majority of other courts have actually reached this against you, and I'm just pointing you to one decision by our court in a different context and the regulations. Why wouldn't we start by saying, well, it's a civil penalty, and as a civil penalty it would seem to fit more within that strict one-year statute of limitations. Why shouldn't we do that? I understand, Your Honor. Obviously, our position is because, again, first of all, it's against the purpose of ERISA, number one, and number two, there are similar statutes that do have civil penalties pertaining to, again, as we pointed out, the Connecticut Unfair Assurance Practices Act does have penalties that can be invoked against a particular insurance company, which is effectively where we are. I understand Your Honor's concern. If I just go on, I have a couple of comments left. Again, the only other thing is obviously is Ms. Brown had a very short period of time in which to pursue her matter. One of the main cases that Your Honor describes in the Seventh Circuit, with us almost being in the minority, as Your Honor had described, was decided on summary judgment. In that case, they were allowed to potentially develop tolling defenses and things of that nature that might allow the person to go beyond, assuming the court decided to keep and apply this specific one-year civil penalty statute. Was the right party served? I'm sorry, Your Honor? Was the right party served with the demand? Was the right party served? We believe so, Your Honor. With the demand for the planned documents. As far as I know, I know that was an issue for the district court, and I don't know- I understand it's an issue, and that's why I said that. Yes, of course. It's our understanding that yes, A, Rawlings, B, Aetna, everyone, as far as I was under the impression, was appropriately served, and they were all named as defendants. Thank you. Thank you. Good morning. May it please the Court, my name is Linda Morkin. I'm with the law firm of Robinson and Cole, and I represent all of the defendant appellees. Your Honors, we would recommend the district court's decision in this case. The district court . . . as you know, this is a very narrow, specific question. What Connecticut statute of limitations applies to a violation of ERISA Section 502C? It's an issue of first impression for us. It is, Your Honor. For this court, other district courts in this circuit have held that it is a civil penalty statute. The judge in this case was actually following a previous District of Connecticut decision that was authored by Judge Droney. The Tritt decision, which is in our brief, which did a comprehensive analysis there, noted that there's not only district court decisions that hold this is a civil penalty statute. There's also three circuits that have weighed in, all of which have held that it's a civil penalty provision. On the other side, there really is no case. The plaintiff cites the cases from the Seventh Circuit and the Ninth Circuit, but when the court looks at the facts of those cases, you'll see they don't hold what the plaintiff needs them to hold. How would you distinguish the Ninth Circuit case? The Ninth Circuit . . . two things, Your Honor. The first is that the Ninth Circuit did not apply a breach of contract limitations period. They also applied a civil forfeiture statute, but one that said it did not involve penalties. California had this, I think what one court referred to as an in-between. Somewhere in between just a forfeiture statute, the one year, and the six year contract of limitations. The Ninth Circuit had a different choice that it could make. That choice is not available in Connecticut. It was either or. The other difference with the Ninth Circuit case, the Stone case, is the panel in that case actually said that they had to reach the holding they reached because of precedent. It was unusual precedent in that case. Again, this court is not laboring under any prior decisions of the court that would lead it. In the Seventh Circuit, also relied on by the plaintiff, they also did not apply the statute of limitations for contracts to a 502C claim. There they applied the contract to the 502A1 claim. And I know I'm just throwing away, throwing out subsections. But the difference is that the A1 claim is the benefit, a claim for benefits under an ERISA plan, which does look more like a contract than the 502C, which as you noted, Judge Raggi, was the penalty provisions. It would simply say, hey, listen, you planned administrators. If you don't do what you're supposed to do, you are subject to these penalties. So with that comparison, the mirror under Connecticut law, the closest match is clearly 52585, which is the civil penalty provision. If there's no other questions. We'll hear rebuttal. Thank you, Your Honor. I have very little to say except that as we are describing the difference between a civil forfeiture versus a penalty versus a breach of contract, and we have the Stone matter where California effectively decided to kind of meet into kind of an equitable middle. This court has, as Your Honor has described, this being an issue of first impression. We have that same ability. I don't think it's a matter of simply picking, looking in the mirror and finding the exact, the perfect fit, so to speak. I believe we would be looking for the just fit that would allow Ms. Brown to develop, not just an appropriate statute of limitations, but to the extent necessary, the ability to develop defenses to them. And that would be my thought. Thank you. Thank you both. We'll reserve decision. The case of Concepcion versus the City of New York is taken on submission. United States versus Johnson is taken on submission. And Skrutsky versus the Commissioner of Social Security is taken on submission. That's the last case on calendar. Please adjourn in court.